IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| White, Arnold & Dowd, PC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-CV-01372-ACA |
| ) | Opposed |
| ) | |
| TomPaul ACIPCO, LLC and Paul Smith, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO STRIKE MARK WHITE DECLARATION

In accordance with Federal Rule of Civil Procedure 56(c)(2) & (4), Defendants TomPaul ACIPCO, LLC and Paul Smith move the Court to strike portions of the Declaration of J. Mark White (Doc. 72-1) and respectfully request that the Court disregard those portions when ruling on Defendants' Motion for Summary Judgment (Doc. 54). Counsel for Defendants conferred with counsel for Plaintiff White Arnold & Dowd, PC ("WAD"), who said that WAD opposes the relief requested in this motion. In further support, Defendants state the following:

### Applicable Law

When adjudicating a motion for summary judgment, "[o]nly pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits can be considered." *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.27 (11th Cir. 2003). The evidence submitted in opposition to a motion for summary judgment

1

must be admissible. Thus, inadmissible hearsay evidence is not sufficient to overcome a motion for summary judgment. *See McMillan v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996) (holding that inadmissible hearsay may not be used to defeat summary judgment); *see also Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996). Along those same lines, reliance on unauthenticated documents are also not sufficient—"[t]o be admissible in . . . opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010).

When it comes to declarations submitted with an opposition to a motion for summary judgment, if they do not meet Rule 56's requirements, they are "subject to a timely motion to strike." *See Auto Drive-Away Co. of Hialeah, Inc. v. Interstate Commerce Comm'n*, 360 F.2d 446, 448-49 (5th Cir. 1966).[1] Testimony in a declaration must be admissible, and for such testimony to be admissible, it must be "rationally based on the witness's perception," and "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701; *see also*

---

[1] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit . . . as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

*Lebron v. Sec'y of Fla. Dep't of Child. & Fams.*, 772 F.3d 1352, 1372 (11th Cir. 2014) (affirming the district court's exclusion of lay testimony that was irrelevant to the issues before the court); *Alexander v. May*, 2011 WL 13175770, at *1 (N.D. Ala. Aug. 29, 2011), *aff'd*, 476 F. App'x 225 (11th Cir. 2012) ("Immaterial evidence, irrelevant evidence, and other evidence that could not be reduced to admissible form at trial, was rejected by this Court when making its final decision on Defendant's summary judgment motions."). The testimony in the declaration submitted in opposition to a motion for summary judgment must be based on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). As such, conclusory, vague, and speculative testimony should not be considered. *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) ("The evidence presented cannot consist of conclusory allegations or legal conclusions.").

Conclusory declarations, submitted by a nonmoving party in opposition to a motion for summary judgment, will not create an issue of fact for trial. *See United States v. Stein*, 881 F.3d 853 (11th Cir. 2018). And declarations that are based upon "[b]ald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact." *Venerio v. Fed. Express Corp.*, 2018 WL 5283876, *5 (S.D. Fla. Sept. 17, 2018) (citing *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)).

## Argument

For the reasons explained below, Defendants submit that the Court should strike several portions of the declaration of J. Mark White for several reasons.

**Paragraph 8**. Mr. White testifies about what Mr. Ain (a non-party) allegedly said during an initial call and "various additional conference calls." But Mr. Ain's out-of-court statements are inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. In addition, this paragraph lacks foundation and contains vague testimony. Mr. White testifies that Mr. Smith apparently voiced some concerns, but it is not clear based on the declaration whether all the concerns listed were voiced by Mr. Smith or Mr. Ain. Finally, the testimony that Mr. Smith's concerns "included, but were not limited to" certain topics is not helpful or relevant. *See* Fed. R. Evid. 401; Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Such testimony is conclusory. *See Purdy v. Experian Info. Sols., Inc.*, No. CV-04-RRA-2676-S, 2005 WL 8158119, at *3 (N.D. Ala. Oct. 26, 2005) ("The statement contains not one fact as to what the problems were, how or why these alleged problems were caused, under what conditions they were caused, at what times they were caused, or other facts. Because it contains no discussion of these things, a reader of the affidavit must take it on faith that the affiant's conclusions regarding these problems, and their cause are true. Conclusions are not proper evidence. Conclusory allegations without specific supporting facts have no probative value." (citing *Evers v. General Motors*

4

*Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)).

**Paragraph 9**. Mr. White purports to testify about the extent of his twelve colleagues' legal practices. But there is nothing in his declaration that would establish that he has the necessary foundation or personal knowledge to testify about the extent of each person's legal practice and experience. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Mr. White does not purport to testify as a representative of WAD, and the declaration does not state that he relies on any admissible business records of WAD to make these statements. This testimony therefore is based upon hearsay (his colleagues' statements and documents concerning their qualifications) and therefore inadmissible. *See Purdy*, 2005 WL 8158119, at *7 ("The first sentence of this statement is based upon hearsay (the credit report) and therefore inadmissible.").

**Paragraph 10**. In this paragraph, Mr. White purports to testify about WAD's business practices concerning legal assistants and paralegals. Nothing in his declaration, however, establishes that Mr. White has the necessary foundation to testify about these practices. *See* Fed. R. Civ. P. 56(c)(4). It appears to be based on hearsay and therefore inadmissible. *See Purdy*, 2005 WL 8158119, at *7. Beyond that, the testimony in this paragraph is not helpful or relevant to the case. *See* Fed.

R. Evid. 401; Fed. R. Evid. 402. Mr. White does not explain why WAD charges the same rate for legal assistants and paralegals, or why paralegals have paralegal certificates yet are billed at the same rate as legal assistants. Indeed, one wonders why legal assistants are doing the "same type of tasks" that paralegals (who presumably have more training due to their certification) are doing. One can envision a scenario where a legal service provider (like WAD) breaches its standard of care by using less trained staff to do the same task that a trained paralegal could do in less time.

**Paragraph 11**. Mr. White testifies about work WAD did that's allegedly reflected in a July 2, 2021 invoice. Mr. White's testimony is not helpful, though, because the invoice is the best evidence of what the invoice says. Fed. R. Evid. 1002. Mr. White's testimony is therefore not needed. In addition, Mr. White has not established that he has the foundation to testify about work that other employees of WAD performed. Such testimony about what other individuals did or said is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802.

**Paragraph 12**. Mr. White testifies about the meaning of a document produced by TomPaul, but he has not established that he has the foundation or personal knowledge to testify about the meaning of the document. *See* Fed. R. Civ. P. 56(c)(4). Besides that, Mr. White lacks foundation to testify that TomPaul "paid the initial invoice within six days of receipt, *without any questions*." *Id.* (emphasis

added). Mr. White cannot testify about whether another person raised any questions ever about the subject invoice. *See Hawthorne v. Sears Termit & Pest Control, Inc.*, 309 F. Supp. 2d 1318, 1335 (N.D. Ala. 2003) ("[The affiant] did not have access to [the decision-maker's] thought processes and her testimony regarding the true meaning of his statement constitutes speculation.")

**Paragraph 14**. Mr. White testifies in this paragraph about what "cell records from AT&T," which were reviewed not by Mr. White but by his legal assistant, reflect about his call history with Defendants. He does not attach the cell records, which would be the best evidence of what the records reflect. Fed. R. Evid. 1002; *see also Dorsey v. Trans Union, LLC*, No. 2:22-CV-1489-ACA, 2024 WL 1914354, at *2 n.2 (N.D. Ala. May 1, 2024) (Axon, J.) ("Any testimony regarding the terms of that contract is inadmissible because the best evidence of the contract's terms is the contract itself."). In addition, the cell phone records (which are not authenticated or established as business records) are inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. Any information gathered by his assistant from the cell phone records is inadmissible hearsay. *Id.* And the statements made by his assistant to him concerning the records is inadmissible hearsay on hearsay. *Id.* Mr. White's testimony about the number of calls (1,180) he had with "the Smith Group" is also not helpful. *See* Fed. R. Evid. 403. Mr. White does not state the length of those calls. Some could have been one second. Others could have been ten seconds. Some could

have been missed calls. Mr. White also fails to establish that his legal assistant is qualified to interpret the cell phone records. Finally, Mr. White's testimony about calls made by other attorneys or staff at WAD is inadmissible hearsay. Mr. White cannot testify about what other individuals did or did not do. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802.

**Paragraphs 15 and 16**. Mr. White testifies in this paragraph about the number of emails that he exchanged with the Smith Group and other counsel in the Underlying Litigation. However, Mr. White does not testify that he actually reviewed the emails at issue to calculate the total number of emails. Instead, he apparently relied on what his staff reviewed and pulled. Any testimony by Mr. White about this process is thus not based on personal knowledge. *See* Fed. R. Civ. P. 56(c)(4). In addition, Mr. White lacks foundation to testify about the emails because he did not review each of these emails. *Id.* It appears that he relies on what his staff told him the emails say, and any testimony about what his staff told him would be inadmissible hearsay. Mr. White cannot testify about emails sent to or by other WAD attorneys or staff. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802. Finally, Mr. White cannot testify about what others did during "mediation efforts" or others having to "deal with" the shutdown of a plant. This, too, is inadmissible hearsay. *Id.* Mr. White's testimony about "mediation efforts" is also vague, unclear, and unhelpful. *See* Fed. R. Evid. 403. Mr. White mentions calls, conferences, and site visits, but he

does not testify about the dates of those or the substance of those.

**Paragraph 17**. Mr. White testifies about the mediator's time during the Underlying Litigation. Any testimony about the mediator's work or time without personal knowledge is inadmissible hearsay. *See* Fed. R. Evid. 801(c); Fed. R. Evid. 802.

**Paragraph 18**. In this paragraph, Mr. White responds to "reports of TomPaul's proposed expert." Mr. White, however, is not an expert. WAD never designated him as a witness as required by this Court's Scheduling Order. (*See* Doc. 8.) And WAD has not established that Mr. White is qualified to make such opinions. *See* Fed. R. Evid. 701; Fed. R. Evid. 702. Mr. White's statements that "WAD's billing practices . . . were consistent with the retention agreement" and that WAD complied with "the terms of the retention agreement" are improper legal conclusions. (Doc. 72-1 at ¶ 18(a) & (e).) The interpretation of the retention agreement is a matter that is within the Court's exclusive province. *See Ware v. Columbus Life Ins. Co.*, 640 F. Supp. 3d 1196, 1204 (N.D. Ala. 2022) (noting that "the construction of [an unambiguous] contract and its legal effect become questions of law for the court and, when appropriate, may be decided by a summary judgment"); *see also Muncher v. NCR Corp.*, No. 2:16-CV-00782-ACA, 2018 WL 9563247, at *1 (N.D. Ala. Nov. 26, 2018) (Axon, J.) (striking an affidavit because the opinions expressed in it "opinions have no bearing on [plaintiff]'s claim that

9

[defendant] breached its contract"). In addition, Mr. White repeatedly testifies about what Mr. Ain allegedly said. (*See* Doc. 72-1 at ¶ 18 (a) ("At no time did . . . Sandy Ain ask for clarification of any entry in the invoices.") & ¶ 18(b) ("Sandy Ain told us . . . .").) Such testimony is inadmissible hearsay. Mr. White also lacks foundation to testify to what "everyone on those calls recognized" and what each attorney who worked on the complaint in the Underlying Litigation did. Mr. White has not established that he has personal knowledge about either of those things. Finally, Mr. White's testimony about multiple lawyers meeting only "at times it was important for the WAD team to meet to discuss the status of assignments" is vague and not helpful. He does not say when "it was important" or when such team meetings occurred.

**Documents Not Produced**. Finally, Mr. White's declaration refers to documents that have not been produced in the lawsuit—like his contemporaneous notes from calls with Mr. Smith (*see* Doc. 72-1 at ¶ 18(b)), Mr. White's AT&T cell phone records (*id.* at ¶ 14), and all of Mr. White's email correspondence referenced (*id.* at ¶¶ 15–16).

Under Federal Rule of Civil Procedure 26, a party must provide to the other side "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."

Fed. R. Civ. P. 26 (a)(1)(A)(ii). In addition, a party has a duty to supplement if it learns of "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Where a party fails to properly disclose information, Rule 37 provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)(C). "In determining whether the failure to disclose was justified or harmless, [courts] consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *See Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Berryman-Dages v. City of Gainesville Fla.*, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012).

Here, WAD's late disclosure of many of the documents referenced in Mr. White's declaration (including his contemporaneous notes from calls with Mr. Smith, his AT&T cell phone records, and all the email correspondence referenced in the declaration) prevented Defendants from asking WAD any follow-up questions

about it in written discovery or asking Mr. White about it in his deposition, or subpoenaing the cell phone provider for any additional records. Moreover, by this late disclosure, WAD has prohibited Defendants from investigating the issues raised in the documents. WAD's late disclosure is unjustified and highly prejudicial.

\* \* \*

For these reasons, Defendants ask the Court to strike and not consider the above-referenced portions of the declaration of J. Mark White submitted by WAD when ruling on Defendants' Motion for Summary Judgment.

                  Respectfully submitted,

                  /s/ William G. Somerville
                  WILLIAM G. SOMERVILLE
                  JADE E. SIPES
                  LINDSAY P. LOUNSBURY
                  Attorneys for Defendants/Counter-Plaintiffs

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, PC
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama 35203
Telephone (205) 328-0480
wsomerville@bakerdonelson.com
jsipes@bakerdonelson.com
llounsbury@bakerdonelson.com

## CERTIFICATE OF SERVICE

    I hereby certify that on November 26, 2024, the foregoing has been served upon the following counsel of record via this Court's filing system as follows:

    Charles R. Johanson, III, Esq.
    Alto Lee Teague, IV, Esq.
    ENGEL, HAIRSTON & JOHANSON, PC
    P.O. Box 11405
    Birmingham, Alabama 35202

    Stacy L. Moon, Esq.
    L. Weathers Veazey Rollings, Esq.
    GORDON REES SCULLY MANSUKHANI, LLP
    420 20th Street North, Ste. 2200
    Birmingham, Alabama 35203

                                     /s/ Lindsay P. Lounsbury
                                     OF COUNSEL